UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUNG VANNGO<br><br>                    Plaintiff,<br><br>v.<br><br>ARCH ANGELS NJ LLC and DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-1531<br><br>**COPYRIGHT INFRINGEMENT** |

# COMPLAINT

Plaintiff, Hung Vanngo, for his Complaint against Defendant ARCH ANGELS NJ LLC and DOES 1 through 10, inclusive alleges as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

Hung Vanngo
c/o Higbee & Associates
1504 Brookhollow Drive Suite 112
Santa Ana, CA 92705

Arch Angels NJ LLC
1600 St. Georges Avenue, Ste. 111
Rahway, NJ 07065

## JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

3. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of New Jersey Defendant's acts of infringement were directed towards the state of New Jersey, Defendant caused injury to Plaintiff within the state of New Jersey, and Defendant has a physical presence in the state of New Jersey.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

6. Plaintiff, Hung Vanngo, is an individual and professional celebrity make-up artist by trade.

7. Defendant, Arch Angels NJ LLC ("Arch Angels" or "Defendant") is a New Jersey Limited Liability Company with a principal place of business in Rahway, New Jersey.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

9. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

10. Hung Vanngo is a highly successful and popular celebrity makeup artist.

11. Vanngo's client list includes actors, musicians, and other major celebrities such as Selena Gomez, Emily Ratajowski, Jennifer Lawrence, Julianne Moore, Cara Delevingne, and Bella Hadid.

12. As part of documenting and promoting his work, Vanngo captures photographs of his clients and publishes them to his Instagram account.

13. Hung Vanngo is the sole author and exclusive rights holder to a photograph of a close-up photograph of Selena Gomez (the "Gomez Photo").

14. Attached hereto as Exhibit A is a true and correct copy of the Gomez Photo.

15. Hung Vanngo registered the Gomez Photo with the United States Copyright Office under Registration Number VA 2-240-149 with an Effective Date of Registration of January 26, 2021.

16. Hung Vanngo is the sole author and exclusive rights holder to a photograph of a close up photograph of Nina Dobrev (the "Dobrev Photo").

17. Attached hereto as Exhibit B is a true and correct copy of the Dobrev Photo.

18. Hung Vanngo registered the Dobrev Photo with the United States Copyright Office under Registration Number VA 2-282-083 with an Effective Date of Registration of December 29, 2021.

19. The Gomez Photo and the Dobrev Photo shall be referred to jointly as the "Celebrity Images."

20. According to their website, Arch Angels is a permanent makeup studio with locations in Rahway, New Jersey and New York, New York that provides services such as microblading, scalp micropigmentation, lip blush, and more. *See generally* https://archangelsnyc.com/.

21. Arch Angels manages, operates, and controls the Instagram account @archangelsnyc https://www.instagram.com/archangelsnyc/ ("Defendant's Instagram account").

22. Arch Angels manages, operates, and controls the Facebook page Arch Angels NYC & NJ Permanent Makeup Studio https://www.facebook.com/ArchAngelsNJ/ ("Defendant's Facebook page").

23. Defendant's Instagram account and Defendant's Facebook page shall be referred to jointly as "Defendant's Social Media Pages."

24. On information and belief, Defendant's Social Media Pages generate content in order to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

25. On or about January 19, 2022, Hung Vanngo discovered his Gomez Photo copied and published on Defendant's Instagram Page with the caption "We

LOVE everything about this look! Specially the #FeatherBrow. @Selena is absolutely gorgeous. Get your own #FeatherBrows ! Book through DM or our website" ("Gomez Instagram Infringement").

26. On or about January 19, 2022, Hung Vanngo discovered his Gomez Photo copied and published on Defendant's Facebook Page with the caption "We LOVE everything about this look! Specially the #FeatherBrow. @Selena is absolutely gorgeous. Get your own #FeatherBrows ! Book through DM or our website" ("Gomez Facebook Infringement").

27. Attached hereto as Exhibit C are true and correct screenshots from Defendant's Social Media Pages showing the Gomez Instagram Infringement and Gomez Facebook Infringement.

28. On or about March 3, 2022, Hung Vanngo discovered his Dobrev Photo copied and published on Defendant's Instagram Page with the caption "@Nina Dobrev has natural #bows that are to die for! Want to achieve a similar look? Here at #ArchAngels we offer a wide variety of brows and permanent makeup services! Send us a DM to book an appointment or visit our website for more information" ("Dobrev Instagram Infringement").

29. Attached hereto as Exhibit D are true and correct screenshots from Defendant's Instagram account showing the Dobrev Instagram Infringement.

30. The Gomez Instagram Infringement, Gomez Facebook Infringement, and Dobrev Instagram Infringement shall be referred to jointly as "Infringing Posts."

31. Hung Vanngo has never at any point granted Arch Angels a license or other permission to copy, display, distribute, or otherwise use the Celebrity Images on Defendant's Social Media Pages.

32. Arch Angels, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Celebrity Images to Defendant's Social Media Pages without Hung Vanngo's consent or authorization.

33. Soon after discovering the Defendant's infringement of the Celebrity Images, Hung Vanngo, through counsel, reached out to Defenant to have the Infringing Posts removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

34. Hung Vanngo has never at any point given Arch Angels a license or other permission to display, copy, distribute or otherwise use the Celebrity Images in the Infringing Posts on Defendant's Social Media Pages or on any other website or platform.

35. Arch Angels (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Celebrity Images to Defendant's Social Media Pages without Hung Vanngo's consent.

36. On information and belief, Defendant's use of the Celebrity Images was deliberate and willful because it knew or should have known that it did not purchase a license to use the Celebrity Images on Defendant's Social Media Pages or in any other way.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

37. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

38. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Celebrity Images.

39. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Celebrity Images in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Celebrity Images of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts and failing to remove the Celebrity Images when notified of the misuse.

40. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

41. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

42. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

43. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Celebrity Images to Defendant's Social Media Pages without Hung Vanngo's consent or authorization.

44. Arch Angels (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Celebrity Images onto Defendant's Social Media Pages because Arch Angels knew it did not have permission to use the Celebrity Images.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Celebrity Images by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c),

whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For prejudgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: March 5, 2024                                   Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff Hung Vanngo hereby demands a trial by jury in the above matter.

Dated: March 5, 2024

Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*